UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

EARNEST HICKLES,

        Petitioner,

        v.         Case No. 05-C-0536

UNITED STATES OF AMERICA,

        Respondent.

ORDER DISMISSING ONE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AND SETTING HEARING ON REMAINING CLAIM OF § 2255 MOTION

Earnest Hickles filed a motion to vacate his sentence, asserting four grounds for relief. In an order of October 24, 2005, this court dismissed two of the grounds for relief and part of a third. The order stated that "Hickles' claims of ineffective assistance of counsel regarding the escape information in the PSR resulting in a two point enhancement and failure to appeal will continue." (Order of 10/24/05 at 6.) Also, it was noted that Hickles was challenging his criminal history points and that in future filings Hickles would "have to better identify exactly which points he believes his attorney should have challenged." (*Id.* n.4.)

The United States answered the motion but addressed Hickles' ineffective assistance claim based on counsel's failure to appeal. Attached to the answer was a portion of the sentencing transcript and an affidavit of defense counsel. The transcript reflects the court's inquiry at sentencing whether Hickles desired the deputy clerk to file his notice of appeal.

Hickles has replied to the government's answer. The United States did not respond to Hickles' claim that counsel failed to challenge the PSR's addition of points for an alleged escape relating to an Illinois conviction, he has moved for summary judgment on this issue.

## FAILURE TO APPEAL

To establish ineffective assistance of counsel, a habeas petitioner must show that counsel's representation was deficient, i.e., that it fell below an objective standard of reasonableness, and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Fores-Ortega*, 528 U.S. 470, 477 (2000); *accord Rodriguez v. United States*, 395 U.S. 327 (1969). The United States acknowledges that the failure of a defense attorney to file a notice of appeal after being instructed to do so constitutes per se ineffective assistance of counsel. (Gov't's Answer to Def.'s 2255 Pet. at 1 (citing *Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir. 1994).) And, when defense counsel fails to file the requested appeal, a defendant is entitled to a new appeal without any further showing of prejudice, such as demonstrating that his appeal would have been meritorious. *Roe*, 528 U.S. at 485; *Peguero v. United States*, 526 U.S. 23, 28 (1999); *Rodriguez*, 395 U.S. at 329-30.

At sentencing, the court informed Hickles of his right to appeal and advised him that he could ask the clerk of court to file a notice of appeal on his behalf, have his attorney file a notice of appeal, or file a notice of appeal himself. Initially, Hickles informed the court that he wanted the clerk of court to file a notice of appeal for him. (Answer, Ex.

2

Case 2:05-cv-00536-CNC   Filed 11/08/06   Page 2 of 9   Document 16

1 at 5-6 of 23.) However, two minutes after the sentencing hearing adjourned, the proceeding was reconvened and the following discussion took place between the court, Hickles, and Hickles' attorney, Brian Mullins:

> THE COURT: All right, let's go back on the record. Does the defense wish to be heard?
>
> MR. MULLINS: Yes, Your Honor. We just clarified after the Court left that Mr. Hickles does not in fact want to appeal. I don't think he understood the Court's question in that regard. So we would like to withdraw that request that the Clerk file the notice of appeal.
>
> THE COURT: Mr. Hickles, is your attorney correct you do not wish to appeal?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that this means that the Clerk of the Court will not be filing anything on your behalf?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you also understand that if you decide to appeal, you may nonetheless appeal after today's date by filing a notice of appeal yourself or through counsel? If an appeal is filed, within ten days after the judgment is docketed on the record of the Court, then Mr. Mullins will continue to be your attorney during the course of the appeal, unless or until he is released from that obligation by the Court of Appeals, which sits in Chicago. Do you understand?
>
> THE DEFENDANT: Yes.
>
> THE COURT: So your decision today does not bar you from appealing within that ten-day period I mentioned. Do you understand?
>
> THE DEFENDANT: Yes.

(*Id.* at 7-8 of 23.)

In an affidavit filed with his motion for summary judgment, Hickles swears that the following occurred after the sentencing hearing.

> [I]mmediately after court, I specifically told my attorney that I had thought it over and I wanted him to appeal the judgement [sic] and sentence in my case. He responded "No sir, I won't do so[."] I then said: "If you're not going to do my appeal, at least file the notice of appeal[."] He turned around and stomped off shaking his head.
>
> . . . I then made several phone calls to his office, all of which were unsuccessful except for one. I was finally able to get through to him by the way of a three-way telephone call at which time he told me that he would file the notice of appeal.

(Mot. for Summ. J., Ex. A, ¶¶ 3-4.)

However, Attorney Mullins remembers events differently. In his affidavit he states that at the time sentence was imposed, Hickles told him he did not want to file a notice of appeal. (Answer, Ex. 1 at 16 of 23.) Further, he states: "To the best of my recollection, Mr. Hickles did not notify me to file a notice of appeal after sentencing. If Mr. Hickles had asked me to file a notice of appeal either on the day of sentencing or on a timely basis after sentencing, I would have filed the notice of appeal." (*Id.* at 16-17 of 23.)

The United States argues that based on the discussion at the end of the sentencing hearing, during which Hickles said he did not want to appeal, and the affidavit of counsel, the court can find that Hickles did not tell his attorney to file an appeal. But this court cannot ignore Hickles' contradictory affidavit. Hickles says he told Mullins to file the notice of appeal, and that Mullins agreed to do so. Further, Mullins states that he does not *recall* such a request and that if Hickles had made it he would have filed the notice of appeal; he does not say categorically that no such request was ever made by Hickles subsequent to the sentencing hearing.

4

This court informed Hickles at sentencing that he could, within ten days, change his mind about appealing. Therefore, Hickles' statement in court that he did not want to appeal does not draw affect Hickles' sworn statement that following the court hearing he changed his mind and told Mullins, in person and by telephone, that he wanted to appeal. Further, that Hickles in court first said that he wanted to appeal and then said he did not wish to appeal supports the statement in his affidavit that he again changed his mind following the sentencing hearing.

An evidentiary hearing is warranted if a § 2255 movant alleges facts, supported by a detailed and specific affidavit, that would entitle him to relief. *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). Here, Hickles has presented such an affidavit. Further, where affidavits of a movant and his defense counsel conflict, an evidentiary hearing on a § 2255 motion should be held, as the court cannot judge the credibility of the claim based on the affidavits alone. *Daniels v. United States*, 54 F.3d 290, 295 (7th Cir. 1995). Thus, the court will hear testimony from Hickles and Mullins regarding their communications between the conclusion of the sentencing hearing and the expiration of Hickles' time for filing his notice of appeal, along with the testimony of any other witnesses to their conversations regarding the filing of a notice of appeal. *See, e.g., Daniels*, 54 F.3d at 293 (granting evidentiary hearing on § 2255 motion based on conflicting sworn affidavits of movant and his former attorney).

## PSR POINTS FOR ALLEGED ESCAPE

Hickles contends that the PSR (in ¶¶ 42 and 54) states improperly that he fled from Illinois while on probation from an Illinois judgment and was considered a fugitive. He contends that the Illinois court permitted him to live in Milwaukee and that warrants from

5

Case 2:05-cv-00536-CNC   Filed 11/08/06   Page 5 of 9   Document 16

the Illinois court issued for his arrest not because he left the jurisdiction but because he failed to appear for certain hearings. His argument is supported by a copy of the Illinois judgment, which states: "Defendant may reside in Milwaukee during term of Probation." (Amendment to § 2255 Mot., Ex. A.)

Mullins did not object to the statements in the PSR regarding flight from Illinois or to any criminal history points based on them. Previously, this court dismissed any claim regarding correction of the statements or their effect on Hickles' security classification as it is outside the scope of a § 2255 motion. But the addition of criminal history points that may have resulted in a greater sentence for Hickles is a proper § 2255 claim.

In its October 2005 order, the court instructed Hickles to identify which criminal history points he attacks. Although he has not done so, based on the PSR it appears that only one criminal history point is at issue. As noted in the October 2005 order, Hickles' present claim references case number 98CF1285 in DuPage County, Illinois, involving retail theft, for which he was sentenced on September 8, 1998, to two years of probation and 134 days of jail. (PSR ¶¶ 40, 54; Amendment to § 2255 Mot., Ex. A.) This court gave Hickles two criminal history points for the DuPage County conviction, under U.S.S.G. §§ 4A1.1(b) and 4A1.2(e). (PSR ¶ 40.) Those two points are unaffected by whether Hickles fled to Milwaukee or was permitted to live in Milwaukee. Hickles was given another two criminal history points under U.S.S.G. § 4A1.1(d) because he committed the offense in this case on March 2, 2000, while still on probation in case number 98CF1285. (PSR ¶ 53.) Again, those points are unaffected by whether Hickles fled to Milwaukee or was permitted to relocate.

One more point relating to case number 98CF1285 was added under U.S.S.G. § 4A1.1(e) because, Hickles committed the offense in the present case less than two years after release from imprisonment on another sentence. According to the PSR, Hickles

> was sentenced to serve 134 days imprisonment on Case No. 98CF001285, however, he failed to serve the time because he left the State of Illinois and was considered a fugitive. Pursuant to U.S.S.G. § 4A1.1, Application Note 5, this enhancement applies if the defendant failed to report for service of a sentence of imprisonment and is to be treated as an escape from such sentence. Therefore, a two level enhancement is applicable. However, as two points were given pursuant to U.S.S.G. § 4A1.1(d), only one additional point is given.

(PSR ¶ 54.[1]) This final point is the only one impacted by Hickles' argument.

Nevertheless, Hickles' claim must be denied. Even if he won the argument that the one point was improper, it would not affect his sentence. Hickles was assessed nine criminal history points, putting him in criminal history category IV. Category IV encompasses anyone with seven, eight, or nine criminal history points. Therefore, whether Hickles has eight points or nine, his guidelines range is the same.

Moreover, the one point did not depend on characterizing Hickles as an escapee. Section 4A1.1(e) applies if a defendant commits an offense less than two years after release from imprisonment on a sentence counted under § 4A1.1(b). The sentence in Illinois case number 92CF001285 included 134 days of jail time, to begin immediately on sentencing, with 67 days of credit for time already served. (Amendment to § 2255 Mot.,

---

[1]The PSR was based on the 2003 guidelines. Thus, the court has used the 2003 guidelines for purposes of this § 2255 motion.

Ex. A.) Even if Hickles did not serve the remaining 67 days (which is unclear from the record), according to the PSR Hickles was not taken into custody on the Illinois charge until July 3, 1998. Thus, the credit for time served must have been for time served between July 3, 1998, and September 8, 1998. Therefore, Hickles' crime on March 2, 2000, fell within two years of his release from jail (at the earliest on September 8, 1998) for all or part of the 134 days, and the one point was justified.

Again, to show ineffective assistance of counsel, a habeas petitioner must show that counsel's representation was deficient, i.e., that it fell below an objective standard of reasonableness, and that he was prejudiced as a result. *See Strickland*, 466 U.S. at 687. Mullins could not have been deficient for failing to raise an objection that made no difference to the guidelines calculation, and Hickles can establish no prejudice from either the additional one point or the particular basis for the one point on which the PSR writer relied.

Notwithstanding the failure of the United States to answer the motion on this point or to respond to the motion for summary judgment, Hickles must still establish that his sentence was imposed in violation of the Constitution in order to prevail on this claim. *See* 28 U.S.C. § 2255, ¶¶ 1-2. He has not and cannot do so. Therefore, Hickles' claim of ineffective assistance must be denied. Thus, for the reasons stated above,

IT IS ORDERED that Hickles' motion for summary judgment is denied.

IT IS ORDERED that Hickles' claim of ineffective assistance of counsel regarding any failure of Mullins to object to the PSR's assessment of points based on alleged escape status is denied and dismissed.

8

IT IS FURTHER ORDERED that an in-person evidentiary hearing shall be held on **Friday, January 19, 2007, at 11:00 a.m.** on the issue of ineffective assistance of counsel for failure to file a notice of appeal in Courtroom 222 of the U. S. Courthouse, 517 E. Wisconsin Ave., Milwaukee, Wisconsin.

IT IS ORDERED that the U.S. Marshal secure Hickles' presence before this court in Milwaukee, Wisconsin, for the proceeding as stated above.

Dated at Milwaukee, Wisconsin, this 8th day of November, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE